ORIGINAL

FILED
DISTRICT COURT OF GUAM
OCT 15 2007
JEANNE G. QUINATA
Clerk of Court

FILED
DISTRICT COURT OF GUAM
OCT 15 2007
JEANNE G. QUINATA
Clerk of Court

jumian.ple

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for the United States of America

# IN THE UNITED STATES DISTRICT COURT
# FOR THE TERRITORY OF GUAM

| UNITED STATES OF AMERICA, | ) CRIMINAL CASE NO. 07-00065 |
|---|---|
| Plaintiff, | ) |
| vs. | ) **AMENDED** |
| JU MI AN, aka | ) **PLEA AGREEMENT** |
| JU MI FERNANDEZ, | ) |
| Defendant. | ) |

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, JU MI AN aka JU MI FERNANDEZ, enter into the following plea agreement:

1. The defendant agrees to enter a guilty plea to Count III of an Indictment charging her with Perjury in violation of Title 18, United States Code, Section 1621(a). The government will move to dismiss Count I at the time of sentencing.

2(a) The defendant, JU MI AN aka JU MI FERNANDEZ, further agrees to fully and truthfully cooperate with Federal law enforcement agents concerning their investigation of marriage fraud, visa fraud, alien smuggling, and related unlawful activities. Cooperation shall include providing all information known to defendant regarding any criminal activity, including but not limited to the offense(s) to which she is pleading guilty. Cooperation will also include

-1-

complying with all reasonable instructions from the United States; submitting to interviews by investigators and attorneys at such reasonable times and places to be determined by counsel for the United States; producing to the United States all non-privileged documents (including claimed personal documents) and other materials in the possession, custody or control of defendant requested by attorneys and agents of the United States; and testifying fully and truthfully before any grand juries, hearings, trials or any other proceedings where defendant's testimony is deemed by the United States to be relevant. Defendant understands that such cooperation shall be provided to any state, territorial, local or federal law enforcement agencies designated by counsel for the United States. Further, it is understood and agreed that defendant shall not directly, indirectly, or intentionally disclose anything defendant knows or had done concerning the United States' investigation to anyone other than defendant's attorney. Defendant agrees to take no steps directly or indirectly to warn any subject of this investigation that defendant, a subject or anyone else is being investigated.

(b) The United States will make this cooperation known to the Court prior to the defendant's sentencing. The defendant further understands that she remains liable and subject to prosecution for any criminal schemes of which she does not fully advise the United States, or for any material omissions in this regard.

(c) This agreement is not contingent in any way upon the outcome of any investigation, proceeding or subsequent trial. Thus, none of the rights and obligations described above are in any way dependent upon a grand jury returning an indictment, a jury's verdict at any trial, or the success of any prosecution.

(d) Except as otherwise herein provided, and in particular in Paragraph 10 of this plea agreement, the United States agrees not to prosecute defendant for any other non-violent offenses which were committed in the District of Guam or the Northern Mariana Islands (CNMI) which defendant reveals to Federal authorities during her cooperation with the United States. This agreement is limited to crimes committed by defendant in the districts of Guam or the CNMI.

-2-

3. The defendant, JU MI AN aka JU MI FERNANDEZ, further agrees to submit to a polygraph examination by any qualified Federal polygraph examiner. The defendant understands that such polygraph examinations may include, but will not be limited to, her knowledge of or involvement in marriage fraud, visa fraud, alien smuggling, and her knowledge of others' involvement in such activities. Defendant understands that the government will rely on the polygraph in assessing whether she has been fully truthful.

4(a) The defendant, JU MI AN aka JU MI FERNANDEZ, understands that the <u>maximum</u> sentence for Perjury is a term of five (5) years imprisonment, a $250,000 fine, and a $100 special assessment fee, which must be paid at the time of sentencing. Any sentence imposed may include a term of supervised release of not more than three (3) years in addition to such terms of imprisonment. Defendant understands that if she violates a condition of supervised release at any time prior to the expiration of such term, the court may revoke the term of supervised release and sentence her up to an additional two years of incarceration pursuant to 18 U.S.C. § 3583(e)(3).

(b) If the defendant cooperates as set forth in Paragraphs 2 and 3, the government will recommend that defendant receive the minimum term of incarceration recommended by the Sentencing Guidelines, with the counts to run concurrently.

(c) The government will recommend a fine within the Sentencing Guidelines range. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of her financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

5. The defendant understands that to establish a violation of Perjury as charged pursuant to 18 U.S.C. § 1621, the government must prove each of the following elements beyond a reasonably doubt:

First: the defendant ~~took an oath to testify, declare, depose or certify truly;~~ testified orally under oath that she and her spouse, Joveno Catama Fernandez, Jr., had not lived separately at any time after their marriage;

Second: ~~the oath was made before an officer in a case in which a law of the United States authorized an oath to be administered;~~ the testimony was false;

-3-

Third: ~~defendant willfully and contrary to said oath stated a material matter which she did not believe to be true.~~ the false testimony was material to matters before the U.S. Citizenship and Immigration Services;

Fourth: the defendant acted willfully, that is deliberately and with knowledge that the testimony was false.

6. The defendant agrees that the Sentencing Guidelines apply to this offense. The defendant also understands that the facts she stipulates to herein will be used, pursuant to 1B1.2, in calculating the applicable guidelines level. The Government and the defendant stipulate to the following facts for purposes of the Sentencing Guidelines:

(a) The defendant was born in 1981, and is a citizen of Korea.

(b) If the defendant cooperates with the United States by providing information concerning the unlawful activities of others, the government agrees that any self-incriminating information so provided will not be used against defendant in assessing her punishment, and therefore, pursuant to § 1B1.3 of the Sentencing Guidelines, this information should not be used in determining the applicable Guidelines range.

(c) Defendant, a citizen of Korea, desired to become a United States citizen, but she did not qualify for U.S. citizenship. She ~~paid~~ agreed with a United States citizen, Joveno Catama Fernandez, Jr., to engage in a fraudulent marriage with the purpose of evading provisions of the immigration laws. They were married on November 3, 2006. The government could prove that, On February 2, 2006, Joveno Fernandez, submitted an I-130 Petition for Alien Relative to the Customs and Immigration Service. This form is required by United States immigration laws if an alien who has married a United States citizen desires to enter or remain legally in the United States. On the same date, defendant submitted an I-485 Application to Register Permanent Residence or Adjust Status to the Customs and Immigration Service. This form is required by United States immigration laws to be executed by an alien who has married a United States citizen and who desires to enter or remain legally in the United States. Both Joveno Fernandez and the defendant falsely swore on the respective forms that they had not entered into their marriage for purposes of evading provisions of the immigration laws. Defendant knew this statement was false. This statement was material to the outcome of her I-485 Application.

The government can prove that after the marriage, defendant continued to reside at A-15

-4-

San Vitores Terrace, Tumon. Joveno Fernandez continued to reside with his girlfriend at his sister's residence in Yigo. They never lived together as husband and wife. On May 16, 2007, defendant was interviewed by an officer of the Customs and Immigration Service, who was authorized to administer oaths. The officer placed defendant under oath and proceeded to question her about the validity of her marriage. When asked whether she and her spouse had lived separately since their marriage, defendant responded "no." Defendant made this statement to conceal the fact that her marriage was fraudulent; she knew that this statement was false. Whether defendant and Joveno Fernandez had lived separately after their marriage was material to their applications to adjust her status so that she could legally reside in the United States.

(d) The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines. The defendant acknowledges that should there be discrepancies in the final sentencing guidelines range projected by her counsel or any other person, such discrepancies are not a basis to withdraw her guilty plea.

7. The defendant understands that this plea agreement depends on the fullness and truthfulness of her cooperation. Therefore, defendant understands and agrees that if she should fail to fulfill completely each and every one of her obligations under this plea agreement, or make material omissions or intentional misstatements or engage in criminal conduct after the entry of her plea agreement and before sentencing, the government will be free from its obligations under the plea agreement. Thus defendant, in addition to standing guilty of the matters to which she has pled pursuant to this agreement, shall also be fully subject to criminal prosecution for other crimes, and for the counts which were to be dismissed. In any such prosecution, the prosecuting authorities, whether Federal, State, or Local, shall be free to use against her, without limitation, any and all information, in whatever form, that she has provided pursuant to this plea agreement or otherwise; defendant shall not assert any claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of

-5-

1. Evidence, or any other provision of law, to attempt to bar such use of the information.

8. Defendant understands that whether she has completely fulfilled all of the obligations under this agreement shall be determined by the sentencing court in an appropriate proceeding at which any disclosures and documents provided by defendant shall be admissible and at which the United States shall be required to establish any breach by a preponderance of the evidence. In determining whether there has been a breach, the parties agree that any polygraph results and the polygrapher's conclusions and opinions shall be admissible.

9. The defendant understands that her sentencing may be continued, at the discretion of the United States, until after the indictment and trial of any associates involved. This will also enable the Court to see the full degree of the defendant's cooperation. The defendant therefore waives any right she may have to any speedy sentencing and hereby agrees to any continuance of her sentencing date as it may become necessary.

10. In exchange for the government's concessions in this plea agreement, the defendant waives any right to appeal or to collaterally attack this conviction but reserves the right to appeal the sentence imposed in this case. She agrees to waive all constitutional challenges to the validity of the Sentencing Guidelines. The defendant agrees that the government has bargained for a criminal conviction arising from her conduct. If at any time defendant's guilty plea or conviction is rejected, withdrawn, vacated or reversed, for whatever reason, or if any change of law renders the conduct for which she was convicted to be non-criminal, defendant agrees that she will enter a guilty plea to another charge encompassing the same or similar conduct. In such event, defendant waives any objections, motions or defenses based upon the Statute of Limitations, Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

11. The defendant acknowledges that she has been advised of her rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

Case 1:07-cr-00065    Document 37    Filed 10/16/2007    Page 6 of 8

1     (a) The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

    (b) Her right to be represented by an attorney;

    (c) Her right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against her, and the right not to be compelled to incriminate herself, that is, the right not to testify;

    (d) That if she pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, she waives, that is, gives up, the right to a trial;

    (e) Because this plea is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the defendant understands that she may not withdraw her guilty plea even if the court does not accept the sentencing recommendations of the government or her counsel;

    (f) That, upon entry of a plea of guilty, or thereafter, the Court may ask her questions about the offenses to which she has pled, under oath, and that if she answers these questions under oath, on the record, her answers may later be used against her in prosecution for perjury or false statement if an answer is untrue;

    (g) That she agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

    (h) The defendant is satisfied with the representation of her lawyer and feels that her lawyer has done everything possible for her defense;

//
//
//
//
//
//

-7-

Case 1:07-cr-00065   Document 37   Filed 10/16/2007   Page 7 of 8

(i) That this plea agreement has been translated into her native language and defendant fully understands it.

DATED: 10/12/07

JU MI AN FERNANDEZ
Defendant

DATED: 10/12/07

PETER C. PEREZ
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

DATED: 10/12/07      By:

KARON V. JOHNSON
Assistant U.S. Attorney

DATED: 10/15/07

JEFFREY J. STRAND
First Assistant U.S. Attorney

-8-